# EXHIBIT 4

# EXHIBIT 4

Clerk of the Superior Court
*** Electronically Filed ***
M. Farrow, Deputy
1/28/2022 4:14:18 PM
Filing ID 13877000

Timothy G. Tonkin (#020709)
Montana Thompson, Esq. (#030567)
**PHILLIPS LAW GROUP, P.C.**
3101 N. Central Avenue, Suite 1500
Phoenix, Arizona 85012
Telephone: (602) 258-8900 ext. 258
Facsimile: (602) 288-1663
E-Mail: montanat@phillipslaw.com
E-Mail: minute_entries@phillipslaw.com
*Attorneys for Plaintiff*

CV2022-001133

**IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

**IN AND FOR THE COUNTY OF MARICOPA**

| | |
|---|---|
| YE'NARI MOSES, individually;<br><br>Plaintiff,<br><br>vs.<br><br>GARY EUGENE MACK and JANE DOE MACK, husband and wife; WESTERN EXPRESS, INC, a domestic corporation; JOHN DOES 1-5; JANE DOES 1-5; BLACK CORPORATIONS 1-5; and WHITE PARTNERSHIPS 1-5,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT**<br><br>Tort – Motor Vehicle |

Ye'nari Moses, (hereinafter "Plaintiff"), for their complaint, allege:

1.  Plaintiff is, and was at all times material herein, a resident of the County of Maricopa, State of Arizona.

2.  Upon information and belief, Defendants Gary Eugene Mack and Jane Doe Mack are, and were at all times material herein, husband and wife, and residents of the State of California.

3.  Defendant Gary Eugene Mack (hereinafter "Defendant Mack") was, at all applicable times herein, an employee of Western Express Inc. and was acting as an agent, servant, or employee within the scope of his employment on behalf of Western Express Inc., and therefore, Western Express Inc. should be held liable to Plaintiff for the actions of Defendant

1

Mack on the theory of respondeat superior, agency, equitable estopped, or other applicable law. Defendant Western Express Inc. is vicariously liable to Plaintiff for all injuries and other damages caused by Defendant Mack.

4. Defendants John Does 1-5, Jane Does 1-5, Black Corporations 1-5, and White Partnerships 1-5 (hereafter fictitious defendants) are those persons and entities whose relationships to the named Defendants or whose acts or omissions give rise to legal responsibility for the damages incurred by Plaintiff, but whose true identities are at the present time unknown to Plaintiff. These persons and entities hereby are notified of Plaintiff's intention to join them as Defendants if and when additional investigation or discovery reveals the appropriateness of such joinder.

5. All acts and events alleged hereafter occurred within the County of Maricopa, State of Arizona, making venue proper.

6. The minimum jurisdictional amount established for filing this action has been satisfied.

### COUNT ONE: NEGLIGENCE

7. Plaintiffs re-allege and incorporate the above paragraphs as if fully set forth herein.

8. On March 4, 2020, Defendant Mack was operating a truck owned by Western Express Inc., when he negligently drove the vehicle and caused a collision with Plaintiff's vehicle in the area of North 99th Avenue and Pierce Street in Tolleson, Arizona, 85353.

9. As a result of Defendants' negligence, Plaintiff suffered injuries.

### COUNT TWO: NEGLIGENCE PER SE

10. Plaintiff re-alleges and incorporates the above paragraphs as if fully set forth herein.

11. A.R.S. §28-701A and A.R.S. §28-729 are statutes enacted for the safety of others on the roadway.

12. Defendant Mack failed to control his vehicle to avoid a collision in violation of A.R.S. §28-701A. Defendant Mack violated A.R.S. §28-729 by moving from his lane of travel without first ascertaining that the movement could be done with safety, and is negligent per se.

## DAMAGES

13. Plaintiff re-alleges and incorporates that above paragraphs as if fully set forth herein.

14. As a direct and proximate result of the negligent, reckless, and careless conduct of Defendants, Plaintiff suffered injuries which caused her pain, suffering, distress, mental and emotional anguish and anxiety, and a general decrease in her quality and enjoyment of life, all in an amount to be proven at trial.

15. As a further direct and proximate result of the negligent, reckless, and careless conduct of Defendants, Plaintiff has incurred expenses for medical care, and may incur expenses for future medical care, all in an amount to be proven at trial.

WHEREFORE, Plaintiff prays for judgment against Defendants, and each other defendant named herein, jointly and severally, as follows:

(a) For Plaintiff's general and special damages;

(b) For Plaintiff's expenses incurred for past medical care and treatment of Plaintiff's injuries for future medical treatment expenses;

(c) For Plaintiff's costs incurred herein;

(d) For interest at the highest legal rate on all damages and costs from the time incurred on the date of such judgment, whichever is sooner, until paid; and

(e) For such other and further relief as the Court deems just and proper.

## STATEMENT OF TIER VALUE

Consistent with the factors and characteristics identified on the lawsuit above, this matter is an automobile tort, and pursuant to Rule 26.2(b) of the Arizona Rules of Civil Procedure, the damages sought in this case qualify it as a Tier 2 case.

DATED this 28th day of January 2022.

**PHILLIPS LAW GROUP**

By: /s/ *Montana Thompson*
    Timothy G. Tonkin, Esq.
    Montana Thompson, Esq.
    Attorneys for Plaintiff

4

Timothy G. Tonkin (#020709)
Montana Thompson, Esq. (#030567)
**PHILLIPS LAW GROUP, P.C.**
3101 N. Central Avenue, Suite 1500
Phoenix, Arizona 85012
Telephone:  (602) 258-8900 ext. 258
Facsimile:   (602) 288-1663
E-Mail:  montanat@phillipslaw.com
E-Mail:  minute_entries@phillipslaw.com
*Attorney for Plaintiff*

**IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

**IN AND FOR THE COUNTY OF MARICOPA**

| | |
|---|---|
| YE'NARI MOSES, individually;<br><br>Plaintiff,<br><br>vs.<br><br>WESTERN EXPRESS, INC, a corporation; JOHN DOES 1-5; JANE DOES 1-5; BLACK CORPORATIONS 1-5; and WHITE PARTNERSHIPS 1-5,<br><br>Defendants. | Case No.: CV2022-001133<br><br>**FIRST AMENDED COMPLAINT**<br><br>Tort – Motor Vehicle |

Ye'nari Moses, (hereinafter "Plaintiff"), for her complaint, alleges:

1. Plaintiff is, and was at all times material herein, a resident of the County of Maricopa, State of Arizona.

2. Upon information and belief, Gary Eugene Mack (hereinafter "Mr. Mack") was, at all applicable times herein, an employee of Western Express Inc. and was acting as an agent, servant, or employee within the scope of his employment on behalf of Western Express Inc., and therefore, Western Express Inc. should be held liable to Plaintiff for the actions of Mr. Mack on the theory of respondeat superior, agency, equitable estopped, or other applicable law. Defendant Western Express Inc. is vicariously liable to Plaintiff for all injuries and other damages caused by Mr. Mack.

1

3. Defendants John Does 1-5, Jane Does 1-5, Black Corporations 1-5, and White Partnerships 1-5 (hereafter fictitious defendants) are those persons and entities whose relationships to the named Defendants or whose acts or omissions give rise to legal responsibility for the damages incurred by Plaintiff, but whose true identities are at the present time unknown to Plaintiff. These persons and entities hereby are notified of Plaintiff's intention to join them as Defendants if and when additional investigation or discovery reveals the appropriateness of such joinder.

4. All acts and events alleged hereafter occurred within the County of Maricopa, State of Arizona, making venue proper.

5. The minimum jurisdictional amount established for filing this action has been satisfied.

## COUNT ONE: NEGLIGENCE

6. Plaintiff re-alleges and incorporate the above paragraphs as if fully set forth herein.

7. On March 4, 2020, Gary Mack was operating a truck owned by Western Express Inc., when he negligently drove the vehicle and caused a collision with Plaintiff's vehicle in the area of North 99th Avenue and Pierce Street in Tolleson, Arizona, 85353.

8. As a result of Mr. Mack's negligence, Plaintiff suffered injuries.

## COUNT TWO: NEGLIGENCE PER SE

9. Plaintiff re-alleges and incorporates the above paragraphs as if fully set forth herein.

10. A.R.S. §28-701A and A.R.S. §28-729 are statutes enacted for the safety of others on the roadway.

11. Eugene Mack failed to control his vehicle to avoid a collision in violation of A.R.S. §28-701A. Mr. Mack violated A.R.S. §28-729 by moving his vehicle from his lane of

travel without first ascertaining that the movement could be done with safety, and is negligent *per se*.

### COUNT THREE:  VICARIOUS LIABILITY

12. Plaintiff re-alleges and incorporates all paragraphs above as if fully set forth herein.

13. At all times material herein, Mr. Mack operated a truck while acting as an agent, servant, or employee within the scope of his employment on behalf of Western Express, Inc.

14. At all times material herein, Mr. Mack operated the truck immediately prior to the incident and said actions were on behalf of, or in furtherance of the business of Defendant Western Express, Inc.

15. At all times material herein, Mr. Mack intended that his conduct be perceived as and synonymous with Defendant Western Express, Inc.

16. Defendant Western Express, Inc. is vicariously liable to Plaintiff for all injuries and other damages caused by Mr. Mack.

### COUNT FOUR:  RESPONDEAT SUPERIOR

17. Plaintiff re-alleges and incorporates all paragraphs above as if fully set forth herein.

18. At all times relevant hereto, Mr. Mack was employed by, and was an agent, servant and/or employee of Defendant Western Express, Inc.

19. The above described acts of Mr. Mack were committed within the scope of his employment with Defendant Western Express, Inc. in that they were committed while on duty and in furtherance of his employment/employer Defendant Western Express, Inc.

20. As Mr. Mack's employer, Defendant Western Express, Inc. is responsible for all of the negligent acts committed by Mr. Mack within the scope of his employment.

# DAMAGES

21. Plaintiff re-alleges and incorporates that above paragraphs as if fully set forth herein.

22. As a direct and proximate result of the negligent, reckless, and careless conduct of Defendants, Plaintiff suffered injuries which caused her pain, suffering, distress, mental and emotional anguish and anxiety, and a general decrease in her quality and enjoyment of life, all in an amount to be proven at trial.

23. As a further direct and proximate result of the negligent, reckless, and careless conduct of Defendants, Plaintiff has incurred expenses for medical care, and may incur expenses for future medical care, all in an amount to be proven at trial.

WHEREFORE, Plaintiff prays for judgment against Defendants, and each other defendant named herein, jointly and severally, as follows:

(a) For Plaintiff's general and special damages;

(b) For Plaintiff's expenses incurred for past medical care and treatment of Plaintiff's injuries for future medical treatment expenses;

(c) For Plaintiff's costs incurred herein;

(d) For interest at the highest legal rate on all damages and costs from the time incurred on the date of such judgment, whichever is sooner, until paid; and

(e) For such other and further relief as the Court deems just and proper.

**STATEMENT OF TIER VALUE**

Consistent with the factors and characteristics identified on the lawsuit above, this matter is an automobile tort, and pursuant to Rule 26.2(b) of the Arizona Rules of Civil Procedure, the damages sought in this case qualify it as a Tier 2 case.

DATED this 8th day of March, 2022.

**PHILLIPS LAW GROUP**

By _____
Timothy G. Tonkin, Esq.
Montana Thompson, Esq.
*Attorneys for Plaintiff*



**Filing Details**

| | | | |
|---|---|---|---|
| ● Details | Form Set # | 6603693 | Case # | CV2022001133 |
| ○ Messages | Keyword/Matter # | | Status | Delivered |
| ○ Your Payments | Filing Type | General Civil | Location | Maricopa - Superior Court |
| ○ eService | Customer Name | Montana Thompson | Customer Email | montanat@phillipslaw.com |
| | Delivery Date & Time | 03/08/2022 12:17 PM MST | Filing Date & Time | |
| | Notification Status | Email notification with filing/case details shown in the body of the email, plus a link to the website | | |
| | Court Transaction # | AOC Submission ID  #2059852 | | |

Your filing was successfully completed and delivered. You will be notified when your forms have been processed.
Remember to regularly log back on to this TurboCourt program to check on the status of your filing. Please also check your emails for notifications. You may log out now. Click on "Quit".

**Your Forms**  ⓘ info

Summary Sheet (This summary sheet will not be filed with the court. This sheet is for your personal records only.)   ☐  View

**Attached Documents**   ⓘ info

Amended Complaint: First Amended Complaint   ☐  View